J-A25041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MILES COOKE | : | |
| | : | |
| Appellant | : | No. 107 MDA 2020 |

Appeal from the PCRA Order Entered December 17, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000932-2015

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED FEBRUARY 24, 2021**

Appellant, Miles Cooke, appeals from the order entered in the Dauphin

County Court of Common Pleas, which dismissed his first petition filed under

the Post Conviction Relief Act ("PCRA").[1] We affirm.

A prior panel of this Court set forth the relevant facts of this appeal as

follows:

> On May 30, 2014, Appellant and his brother, Justin Asaad
> Cooke, shot and killed the victim, Ronald McGruder, near
> the corner of Hanover and Cameron Streets in Harrisburg,
> Pennsylvania. The following events leading up to the
> murder are relevant to our review.
>
> Two nights before the murder, Appellant's brother Justin
> and McGruder had gotten into a heated argument when
> McGruder blamed Appellant for killing McGruder's friend
> Warren Beasley in 2013. McGruder told Justin that, "if you
> want to kill me, if you feel some type of way and you want

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

to do something to me, my heart is on my sleeve. So if you got to take a shot, take a shot."

On the night of May 29, 2014, McGruder went out drinking with his friend James Moffitt and visited Double D's bar. Surveillance video showed that both Appellant and his brother Justin were at Double D's at the same time. The video also showed Appellant, Justin, and McGruder leave Double D's together and enter a tan Audi. Justin entered the front passenger seat, Appellant entered the driver's seat, and McGruder entered the back seat. The three men left Double D's parking lot at 1:46 A.M. on May 30, 2014.

Jasmine Bullock, an eyewitness to the murder who resided on Hanover Street, awoke to screaming from the street and looked out her window to see Appellant, Justin, and McGruder. She witnessed one of the men stand over McGruder on the ground and shoot him twice in the head. Bullock called 911 at 1:58 A.M. Although she could not see the faces of the two standing men, Bullock provided clothing descriptions matching Justin as the shooter and Appellant nearby. After the shooting, Appellant and Justin ran toward their running car, entered the vehicle in the same positions as when they left the bar, and drove away.

Appellant and Justin provided identical voluntary statements to police shortly after the murder. They confirmed the clothing that they were wearing, the precise route they took after leaving the bar with McGruder, and that they were driving a tan 2000 Audi owned by Appellant's girlfriend.

Police arrested Appellant on October 2, 2014, the day police obtained arrest warrants for both Appellant and Justin.

*     *     *

Appellant … filed a Motion *in Limine* to preclude Courtney Williams' testimony about McGruder's statements to Justin two days before the murder, arguing that the statements were irrelevant and constituted inadmissible hearsay. On October 7, 2015, the trial court conducted a hearing prior to trial. The Commonwealth argued that this testimony was evidence of Appellant's motive to kill McGruder. The trial court denied Appellant's Motion on October 8, 2015.

- 2 -

Appellant and Justin proceeded to a joint jury trial. The Commonwealth presented the testimony of the eyewitness Jasmine Bullock, McGruder's friend James Moffitt, investigating detectives, a forensic pathologist, emergency responders, [and] a forensic investigator…. The Commonwealth also presented video surveillance evidence from a church near the crime scene, Appellant's cell phone records, and cell phone tower data.

Appellant presented the testimony of his girlfriend Dorian Bradford, a second resident, John Stoddart, who heard gunshots the night of the murder and purportedly observed the fleeing car's taillights, and an investigator from the Dauphin County Public Defender's Office.

The jury convicted Appellant of First-Degree Murder and Criminal Conspiracy. On October 15, 2015, the trial court sentenced Appellant to the statutorily mandated term of life in prison. Appellant filed a timely Post-Sentence Motion, which was denied by operation of law on February 23, 2016.

**Commonwealth v. Cooke**, No. 516 MDA 2016, unpublished memorandum at 1-4 (Pa.Super. filed August 15, 2017) (internal footnote and citations to the record omitted). This Court affirmed Appellant's judgment of sentence on August 15, 2017, and Appellant did not seek further review with our Supreme Court.

Appellant timely filed a *pro se* PCRA petition on May 14, 2018. The court appointed counsel, who filed a withdrawal petition and "no-merit" letter, pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In the "no-merit" letter, PCRA counsel explained that Appellant sought to raise various ineffectiveness claims based upon the existence of a video that "would

demonstrate that [Appellant] was not involved in Mr. Beasley's homicide thereby somehow exculpating [Appellant] from the homicide of" Mr. McGruder. (Withdrawal Petition, filed 12/27/18, at Exhibit A). PCRA counsel argued that Appellant's "non-involvement" in Mr. Beasley's homicide would not provide a basis for relief:

> Evidence existed from various other sources to include both witness testimony and surveillance video that placed you and the vehicle you were operating in the direct vicinity of the victim at the time the homicide occurred. The Commonwealth's theory of the case attributed Mr. McGruder's murder to a desire to silence him since he had been implicating you in Mr. Beasley's homicide however the Commonwealth never attempted to directly implicate you in the Beasley homicide. Thus, a video that demonstrates that you did not kill Mr. Beasley is not and would not have been exculpatory as…to Mr. McGruder's murder. Since the video in question would not, on its face, [have] been exculpatory in your case, failure of counsel to attempt its introduction was not ineffective….

(*Id.*)

On January 31, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The court also granted PCRA counsel permission to withdraw. Thereafter, Appellant submitted various *pro se* filings. Following the grant of an extension, Appellant filed a *pro se* amendment to his PCRA petition on March 25, 2019. With the court's permission, Appellant submitted additional *pro se* amendments on April 29, 2019 and September 3, 2019. (**See** PCRA Court Orders, filed 6/3/19 and 9/9/19). Nevertheless, the court again issued Rule 907 notice on October 15, 2019. On December 17, 2019, the court dismissed

Appellant's PCRA petition.

Appellant timely filed a *pro se* notice of appeal on January 13, 2020. On January 21, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed a *pro se* Rule 1925(b) statement on January 30, 2020.

Appellant now raises ten issues for this Court's review:

> The [PCRA] court erred by denying [Appellant]'s PCRA claim of PCRA counsel's failure to raise ineffective assistance of trial counsel for failing to present the videotape of Warren Beasley's murder, that would have shown that Ronald McGruder knew that [Appellant] did not kill Beasley.
>
> The [PCRA] court erred by denying [Appellant]'s claim of PCRA counsel's failure to interview/investigate rebuttal witnesses, in which [Appellant] made trial counsel aware of witness Jerry Bellamy and Joseph Lamelle, both of whom would have testified that [Appellant] did not kill Warren Beasley, as well as testified that [Appellant] and Ronald McGruder were at the scene … of Warren Beasley's homicide together.[2]
>
> The [PCRA] court erred by denying [Appellant]'s claim of PCRA counsel's failure to present after discovered evidence pursuant to [Section] 9545(b)(2), failing to

---

[2] In his Rule 1925(b) statement, Appellant did not specifically identify Mr. Bellamy and Mr. Lamelle as witnesses who counsel failed to investigate. (**See** Rule 1925(b) Statement, filed 1/30/20, at ¶2). Rather, the only potential witnesses specifically identified in the Rule 1925(b) statement were Ms. Boatwright and Ms. Baylor. (**Id.** at ¶3). Consequently, the PCRA court opinion analyzed trial counsel's failure to investigate Ms. Boatwright and Ms. Baylor. (**See** PCRA Court Opinion, filed February 12, 2020, at 5). Under these circumstances, Appellant waived his argument regarding counsels' failure to investigate Mr. Bellamy and Mr. Lamelle. **See Commonwealth v. Carpenter**, 955 A.2d 411, 415 (Pa.Super. 2008) (stating appellant's failure to include claim in court-ordered Rule 1925(b) statement will result in waiver of that issue on appeal).

interview/investigate rebuttal witnesses by the name of, Ms. Shemya Boatright and Warren Beasley's mother, Ms. Ruby Baylor.

The [PCRA] court erred by denying [Appellant's] claim of PCRA counsel's ineffectiveness for failing to advise [Appellant] concerning a plea offer that was available.

The [PCRA] court erred by denying [Appellant]'s claim of PCRA [counsel's] failure to raise trial counsel's ineffectiveness for failing to impeach the Commonwealth's sole eyewitness with her prior statement.

The [PCRA] court erred by denying [Appellant]'s claim of PCRA counsel's failure to present trial counsel's ineffectiveness for failure to raise prosecutorial misconduct.

The [PCRA] court erred by denying [Appellant]'s claim of PCRA counsel's failure to raise [ineffective] assistance of trial counsel for failing to object to the false and misleading presentation of a false motive of the homicide of Mr. Warren Beasley.

The [PCRA] court abused its discretion by denying [Appellant]'s PCRA petition arguing trial counsel was ineffective for failing to raise prosecutorial misconduct for the suppression of material impeachment evidence that James Moffitt is an informant for the Harrisburg Police District and/or District Attorney's Office.

The [PCRA] court erred by denying [Appellant]'s claim of PCRA counsel's failure to request a limited admissibility instruction and/or failing to object to the admission of the Commonwealth's car reenactment on the basis that it was not offered to illustrate any scientific principles but rather then to depict the Commonwealth's version of events in which the reenactment video was dissimilar and outweighed the probative value of the reenactment evidence.

The [PCRA] court erred by denying [Appellant]'s PCRA claim of PCRA counsel's failure to raise the cumulative error doctrine.

(Appellant's Brief at 6).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012).

> To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.

***Commonwealth v. Roney***, 622 Pa. 1, 17-18, 79 A.3d 595, 604-05 (2013), *cert. denied*, 574 U.S. 829, 135 S.Ct. 56, 190 L.Ed.2d 56 (2014) (internal citations and quotation marks omitted).

Pennsylvania law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the

outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

After a thorough review of the certified record, the parties' briefs, and

the relevant law, we conclude the record supports the PCRA court's determination. *See Conway, supra*. Consequently, we affirm the order denying PCRA relief for reasons stated in the opinion that the Honorable Richard A. Lewis entered on February 12, 2020.

Specifically, Judge Lewis noted that Appellant was charged with the murder of Mr. McGruder, and neither Appellant nor his brother were charged with the murder of Mr. Beasley. Any evidence regarding the murder of Mr. Beasley was irrelevant to the issue of whether Appellant killed Mr. McGruder. As such, there was no merit to Appellant's claim that trial counsel was ineffective for failure to introduce such evidence. (*See* PCRA Court Opinion at 5). Moreover, any mention of Mr. Beasley's murder was used to establish motive and did not constitute direct evidence in the instant case. (*Id.* at 7).

Regarding the plea offer, Judge Lewis observed that there is no evidence of record that the Commonwealth ever made an offer, and Appellant failed to develop his claim in a manner warranting an evidentiary hearing. (*Id.* at 6). Regarding the admission of the "car reenactment" video, the trial court properly admitted this demonstrative evidence, the jury was free to assess its weight, and Appellant did not suffer prejudice due to trial counsel's failure to request a limited admissibility instruction. (*Id.* at 7). Regarding prosecutorial misconduct related to the presentation of Commonwealth witness James Moffitt, Appellant provided no evidence to support his assertion that Mr. Moffitt

worked as an informant. (**_Id._** at 9).[3]

Additionally, Judge Lewis correctly determined that Appellant's claim of cumulative error failed, because there was no aggregation of prejudice from the multiple ineffectiveness claims. (**_Id._**) **_See also Commonwealth v. Elliott_**, 622 Pa. 236, 294, 80 A.3d 415, 450 (2013), _cert. denied_, 574 U.S. 828, 135 S.Ct. 50, 190 L.Ed.2d 54 (2014) (stating "no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so

_____

[3] We do not adopt Judge Lewis's analysis of Appellant's claim of ineffectiveness for failing to impeach an eyewitness. (**_See_** Trial Court Opinion at 6). Nevertheless, no relief is due. **_See Commonwealth v. Kunco_**, 173 A.3d 817 (Pa.Super. 2017) (stating this Court can affirm PCRA court's decision if there is any basis to support it, even if Court relies on different grounds to affirm). On appeal, Appellant argues that a Commonwealth witness, Jasmine Bullock, originally told police that she saw two men standing over the victim, one of the men fired two shots, and she could not see what type of clothing the non-shooter wore. Appellant claims Ms. Bullock then changed her testimony at the preliminary hearing and trial, stating that the non-shooter wore an article of red clothing. The record belies Appellant's claim. Specifically, at trial, Ms. Bullock testified that she did not see the face of either man involved in the shooting. (**_See_** N.T. Trial, 10/12/15-10/15/15, at 111). When asked to describe the non-shooter, Ms. Bullock reiterated, "I couldn't really see everything," because a tree obstructed her view. (**_Id._** at 112). Ms. Bullock added, "From underneath the tree, you could see like where his hand was hanging, and he had something red right there but that's all I could really see." (**_Id._** at 113). Counsel then asked Ms. Bullock whether "that something red was a shirt or pants," but Ms. Bullock was unable to answer the question. (**_Id._**) Here, contrary to Appellant's argument, Ms. Bullock did not actually testify that Appellant wore an article of red clothing. Rather, she stated that she saw "something red," without further elaboration. Moreover, trial counsel cross-examined Ms. Bullock about the fact that she did not mention "seeing something red" until the preliminary hearing. (**_Id._** at 130). In response, Ms. Bullock acknowledged that she did not mention "seeing something red" during her initial interview with the police. (**_Id._**) On this record, we cannot conclude that Appellant is entitled to relief on this claim.

individually.  When the failure of individual claims is based upon a lack of prejudice, however, then the cumulative prejudice from those individual claims may properly be assessed").  As to the foregoing points, we adopt Judge Lewis's reasoning as our own.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/24/2021

_____

[4] Appellant raised many of his issues under the rubric of PCRA counsel's ineffectiveness for failing to challenge trial counsel's ineffectiveness.  Although the PCRA court opinion focused on trial counsel's conduct without specifically referencing PCRA counsel's actions, we emphasize that PCRA counsel cannot be considered ineffective for failing to raise trial counsel's ineffectiveness unless trial counsel provided ineffective assistance in the first instance.  **See Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (reiterating that where petitioner asserts layered ineffectiveness claim, he must properly argue each prong of ineffectiveness test for each separate attorney; in determining layered claim of ineffectiveness, critical inquiry is whether first attorney that petitioner asserts was ineffective did, in fact, render ineffective assistance; if that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise underlying issue).

COMMONWEALTH OF PENNSYLVANIA., : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
:
v. :
: NO. CP-22-CR-0000932-2015
MILES T. COOKE, :
        Defendant/Appellant : (107 MDA 2020)
:

## MEMORANDUM OPINION

Appellant, Miles T. Cooke, appeals from the Order denying PCRA relief. This opinion is written pursuant to Pa.R.A.P. 1925(a).

Presently before this Court is Petitioner Miles T. Cooke's (Petitioner and/or Defendant) *pro se* Motion for Post-Conviction Collateral Relief.[1] Post-Conviction Relief Act ("PCRA") counsel Bryan E. DePowell, Esquire has also filed a Motion to Withdraw Under the Post-Conviction Relief Act with an attached No Merit *Turner/Finley* Letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (En Banc).

## PROCEDURAL HISTORY

On October 15, 2015, a jury convicted Petitioner of First-Degree Murder and Criminal Conspiracy.[2] That same day, Petitioner was sentenced to the statutorily mandated term of life in prison.[3] Petitioner filed a timely Post-Sentence Motion, which was denied by operation of law on

---

[1] Filed May 14, 2018.
[2] 18 Pa.C.S. § 2502(a) and 18 Pa.C.S. § 903, respectively.
[3] 42 Pa.C.S. § 9711.

February 23, 2016. A timely Notice of Appeal was filed and the Pennsylvania Superior Court affirmed the judgment of sentence on September 27, 2017. *See Commonwealth v. Miles Cooke,* 516 MDA 2016, 2017 WL 3484136 (Pa. Super. 2017).

On May 14, 2018, Appellant filed a timely *pro se* PCRA Petition for which this Court appointed Attorney Bryan E. DePowell as PCRA counsel. PCRA Counsel filed a Petition to Withdraw with an attached *Turner/Finley* letter on December 27, 2018. On January 31, 2019 this Court an order notifying the Appellant of our intention to dismiss his PCRA Petition.[4] Following our notice of intent to dismiss, Appellant filed numerous *pro se* filings[5]:

- 2/11/2019 – Appellant's Motion to Compel (Order entered denying Motion to Compel on 2/19/2019)

- 2/22/2019 – Appellant's Motion to Extend Time to Adequately Amend his Claims

- 2/27/2019 – Order Granting "Motion to Leave to Amend and Proceed from a pro se Standing" (this *pro se* motion appears to have been docketed on 3/1/2019)

- 3/1/2019 – *pro se* Notice of Appeal

- 3/12/2019 – Statement in Lieu of (no final order dismissing PCRA Petition)

- 4/2/2019 – Appeal quashed

- 4/29/2019 – Appellant's 56 page Amended PCRA Petition

- 6/3/2019 – 30 day rule on the Commonwealth (the Commonwealth filed for two extensions on 7/3/2019 and 8/26/2019; both extensions were granted)

- 9/3/2019 – Appellant's Motion for Leave to Amend PCRA Petition

- 9/16/2019 – Appellant's Motion for Leave to Amend PCRA Petition

---

[4] This order addressed the issues raised by Appellant and granted PCRA Counsel leave to withdraw as counsel.
[5] We attempt to outline the procedural history.

2

- 9/20/2019 – Appellant's Motion to Subpoena Phone Calls

- 9/30/2019 – Commonwealth's Response to Appellant's PCRA Petition

- 10/15/2019 – Notice of Intent to Dismiss PCRA Petition (out of due caution, this Court entered another notice to dismiss; this Order also denied Appellant's Motion to Subpoena Phone Calls)

- 11/8/2019 – Appellant's Motion for Extension of Time

- 11/13/2019 – Order granting motion for extension of time (provided that no further extensions will be permitted)

- 11/21/2019 – Appellant's Motion for Leave to Supplement Certified Record

- 12/17/2019 – Final Order dismissing Appellant's PCRA Petition (order also advised Appellant of his right to appeal)

- 12/19/2019 – Supplemental PCRA Petition

On January 14, 2020, Appellant filed a notice of appeal to the Pennsylvania Superior Court. In compliance with our concise statement order, Appellant filed a concise statement on January 30, 2020 raising numerous allegations of error. For convenience, we will attempt to discuss the issues raised by Appellant in one comprehensive memorandum opinion.[6]

## DISCUSSION

This Court has undertaken a review of the record in the above-captioned matter and agrees with PCRA counsel and the Commonwealth that there are no genuine issues concerning any material fact and that the Defendant is not entitled to post-conviction collateral relief.

---

[6] To the extent necessary, we would incorporate and reference PCRA Counsel's Petition to Withdraw and attached *Turner/Finley* letter, this Court's Memorandum Order filed January 31, 2019, and the Commonwealth's Response filed September 30, 2019.

3

In Defendant's *pro se* Statement of Matter Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), he raises a number of allegations of errors:

1. Trial Counsel's Ineffectiveness

In his first issue, Appellant alleges trial counsel's ineffectiveness for failing to introduce video surveillance showing that Appellant did not kill Warren Beasley. In regard to Defendant's ineffectiveness of counsel claim, the law presumes that counsel has rendered effective assistance. *See Commonwealth v. Harris*, 852 A.2d 1168, 1173 (Pa.2004)[7].

> In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the [petitioner] the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, [the petitioner] must demonstrate that (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> Furthermore:
>
> [t]o demonstrate prejudice, [the petitioner] must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. When it is clear the party asserting an ineffectiveness claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone[.]
>
> *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa.Super.2013) (case citations and some quotation marks omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 329 (Pa.2011)(citation omitted.)

---

[7] The standard for ineffective assistance of counsel and whether it applies for failing to call a witness was set out in *Commonwealth v. Seagraves*, No. 181 MDA 2015, 2016 WL 617167 (Pa. Super. Ct. February, 2016).

Defendant contends that trial counsel was ineffective in his failure to seek and attempt to introduce video evidence of a homicide showing that the Defendant was not responsible for the death of Warren Beasley. Neither the Petitioner nor his brother were charged with the murder of Warren Beasley. The Petitioner was charged with the murder of Ronald McGruder. Evidence cannot be presented regarding a collateral matter where it would have no relationship to the case at trial. *Commonwealth v. Wright*, 454 A.2d 122 (1982). Additionally, such evidence would have been irrelevant as it did not have any bearing upon whether or not Petitioner had killed Ronald McGruder. Because the video evidence of the unrelated homicide would not act to exculpate the Defendant from the homicide he was convicted of, the omission or failure to find and introduce such video evidence does not prejudice the Defendant in any manner and therefore Defendant's ineffective assistance of counsel claim is without merit. Accordingly, this issue is without merit.

## 2. Failure to investigate two rebuttal witnesses

Appellant's second and third issue regard trial counsel's failure to interview/investigate two rebuttal witnesses, Shemya Boatright and Ruby Baylor. However, Appellant alleges that these two witnesses would testify that Appellant did not kill Warren Beasley. Amended PCRA Petition, filed April 29, 2019, pages 8,9. Again, as noted above, Appellant was on trial for the killing of Ronald McGruder. In the instant matter, the Commonwealth attempted to establish motive for killing Mr. McGruder by showing that there was ill-will between Mr. McGruder and Justin Cooke (Justin Cooke was the co-defendant brother to Appellant). The Commonwealth did not offer Ms. Williams' testimony to prove that Justin Cooke or Appellant actually committed the killing of Mr. McGruder, but to supply a motive for killing Mr. McGruder. Accordingly, this statement (that Mr. McGruder and Justin Cooke got into a heated discussion over the killing of Warren Beasley) was admissible, since it was not offered to prove the truth of the matter asserted, but rather to

5

establish a motive for the killings. As such, it was not offered to prove that Appellant actually killed Warrant Beasley. Accordingly, this issue has no merit.

### 3. Plea offer

Appellant claims that trial counsel was ineffective for not informing him of a plea offer that was available. This issue was first raised in Appellant's Amended PCRA Petition filed April 29, 2019. There is no evidence, on the record or through transcripts, that a plea offer was ever made. Of note, Appellant sent 19 *pro se* correspondences to this Court and his counsel of record. The Appellant has put forth no mention of a guilty plea offer that was made in one of these *pro se* communications. Surely, had the discussion of a plea offer been made and the Appellant had questions regarding that plea offer, he would have mentioned it in one of his many *pro se* letters. Thus, the evidence is insufficient to prove Petitioner's claim of trial ineffectiveness. Nor, is it enough to raise a material fact to warrant having an evidentiary hearing, which "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013) (quoting *Commonwealth v.* Jones, 811 A.2d 994, 1003 n.8 (Pa. 2002)). As such, we believe this issue is without merit.

### 4. Failing to impeach Commonwealth's sole eyewitness Jasmine Bullock

Appellant also alleges that trial counsel failed to impeach Ms. Bullock with a prior statement. Appellant has not provided any evidence as to what this prior statement was nor has the Appellant showed how this has prejudiced him. Ms. Bullock was not able to identify the Appellant. As such, Appellant has failed to show that trial counsel was ineffective.

6

5. Car reenactment video

Here, Appellant attempts to allege ineffective assistance of counsel for failure of trial counsel to request a limited admissibility instruction regarding the Commonwealth's use of a car reenactment video and for trial counsel's failure to object to the admission of the reenactment video. The Commonwealth presented testimony from Detective Goshert who created a reenactment video using the alleged vehicle in question. This reenactment video was taken at night and the same video surveillance system was used. A side-by-side was played to the jury. The jury was able to review these two videos and could reasonably infer that the car used on the night of the incident was the same car used in the reenactment video (same size, same color, same shape, and each car had a sunroof). As such, it was up to the jury to determine how to use this evidence and this Court fails to see how the Appellant suffered prejudice. In support of his argument, Appellant relies on *Commonwealth v. Serge*, 586 Pa. 671, 896 A.2d 1170 (2006). However, *Serge* relied on a computer-generated graphic portraying a theory on how the killing occurred. Here, the reenactment video was introduced as demonstrative evidence and therefore was properly admitted. As such, these issues are without merit.

6. Prosecutorial misconduct

Again, Petitioner's allegations of error numbers 8 -10 attempt to raise the issue of the Warren Beasley murder. As already discussed above, any mention of the Warren Beasley murder was used to establish a motive, not as direct evidence of the Appellant killing the victim in this case.

7

7. <u>Motion to Compel</u>

Here, Appellant is alleging that PCRA counsel was ineffective for failure to turn over "material documents that Petitioner needs to aid him in establishing his claims on appeal." Again, Petitioner was seeking evidence regarding the murder of Warren Beasley that was only used to establish motive in this case. Appellant also sought the 9-1-1 transcript, voluntary statements, and video surveillance. This Court is unclear whether this additional evidence sought was used at the time of trial and thus PCRA counsel would not have been the proper avenue or whether this evidence was additional discovery that the Appellant was seeking.

8. <u>Motion to Subpoena Prison Phone Record</u>

Again, this allegation alleges that Ms. Boatright and Baylor stated they viewed the videotape of the homicide of Warren Beasley and that this Court erred in denying his motion to subpoena the prison phone calls. The Appellant was on trial for the killing of Ronald McGruder, not Warren Beasley. This Court fails to see how prison phone calls regarding another killing would have likely changed the outcome of the trial. Accordingly, this issue is without merit.

9. <u>Crimen Falsi Jury Instruction</u>

Appellant alleges that trial counsel was ineffective "for failing to request a Crimen Falsi Jury Instruction regarding the trial testimony of Mr. James Moffitt." Appellant has failed to fully develop this argument. Pennsylvania Rule of Evidence 609, crimen falsi evidence shall be admitted if it involved dishonesty or falsehood and it has occurred within the last ten years. Pa.R.E. 609(a)(b). The Appellant has failed to introduce any evidence to support whether the witness was convicted of a crime involving dishonesty or falsehood or whether that occurred within the last ten years. Additionally, at trial, Mr. Moffitt was cross-examined regarding his time spent at Dauphin

8

County Prison for a Protection from Abuse violation. Transcript of Proceedings, Jury Trial, page 87. Appellant has not demonstrated how trial counsel's alleged ineffectiveness would have changed the outcome of the trial or how he was prejudiced.

### 10. Prosecutorial Misconduct

Appellant alleges that trial counsel was ineffective for failing to raise a prosecutorial misconduct claim against the Commonwealth for failing to disclose that James Moffitt was an informant for the district attorney's office. Appellant has set forth no evidence to suggest nor has there ever been any mention that James Moffitt was/is an informant for the district attorney's office. Additionally, Appellant failed to establish that he was prejudiced or that there is a reasonable probability that the outcome of the proceeding would have been different. As such, this issue is without merit.

### 11. Cumulative error doctrine

The cumulative error doctrine applies only to issues dismissed for lack of prejudice, whereas Appellant's issues were dismissed for lack of merit. *Commonwealth v. Koehler*, 614 Pa. 159 (Pa. 2012). Therefore, Appellant's claim that appellate counsel was ineffective for failing to raise the cumulative error doctrine is without merit. As the cumulative error doctrine is inapplicable to the Appellant's case, appellate counsel had a reasonable basis for not raising the issue. Further, as raising the issue would not have benefited Appellant, failure to raise the issue did not prejudice the Appellant.

9

Accordingly, we find that the Defendant's claims under the Post Conviction Relief Act are without merit.

BY THE COURT:

Richard A. Lewis,     Judge

MEMORANDUM DATE: Feb. 12 , 2020

2020 FEB 12 PM 3:06
DAUPHIN COUNTY PENN
RECEIVED OFFICE OF CLERK OF COURTS

Distribution: 2.3 20 @ 3:26 pm

Miles T. Cooke Inmate #MG1340, SCI Forest, P.O. Box 307, 286 Woodland Drive Marienville, PA 16239 mail
Ryan Lysaght, Esq., District Attorney's Office /○
Clerk of Court  file copy
Pennsylvania Superior Court – Prothonotary  mail
FILE COPY – JUDGE LEWIS

10